1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA R. GOOD,                            No.  2:24-cv-1501 AC P

12                   Plaintiff,

13          v.                                    ORDER

14    SHASTA COUNTY SHERIFF
      DEPARTMENT,
15
                     Defendant.
16

17          Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested

18    leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    I.     Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22    II.    Complaint

23          A.     Statutory Screening

24          The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

25    action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

26    (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

27    § 1915(e)(2).

28    ////

                                                    1

1   A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  "[A] judge may dismiss IFP claims which are 'based on indisputably meritless legal

4   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

5   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

6   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

7   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

8   Franklin, 745 F.2d at 1227-28 (citations omitted).

9       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

10   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

11   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

12   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15   sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555

16   (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of

17   facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in

18   original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

19   1216 (3d ed. 2004)).

20       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1          B.      Complaint

2          The complaint alleges that the Shasta County Sheriff's Department violated plaintiff's

3  rights when he was subject to a warrantless search of his residence and illegal seizure of his

4  property after he was arrested for possessing a firearm twenty-five miles away.  ECF No. 1 at 3-4.

5  As a result, plaintiff was incarcerated for eighteen months and is currently institutionalized for an

6  undetermined period.  Id. at 4.  After filing the complaint, plaintiff filed another document in

7  which he stated that he believes that Patty Pearson, who was his probation officer in 2011, "was

8  involved," and that his brother, ex-girlfriend, and psychologist from prison are also connected.

9  ECF No. 5 at 2.

10         C.      Failure to State a Claim

11                 i.      Shasta County Sheriff's Department Liability

12         While "municipalities and other local government units . . . [are] among those persons to

13  whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality

14  can be liable under § 1983 only where its policies are the 'moving force [behind] the

15  constitutional violation,'"  City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in

16  original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326

17  (1981)).  There must be "a direct causal link between a municipal policy or custom and the

18  alleged constitutional deprivation."  Id. at 385.  Plaintiff does not allege facts showing that the

19  alleged violations were the result of a policy or custom of the sheriff's department rather than the

20  conduct of specific individuals.[1]

21                 ii.     Search and Seizure

22         "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a

23  home without a warrant are presumptively unreasonable."  Payton v. New York, 445 U.S. 573,

---

24

25  [1] To the extent plaintiff's supplemental filing is an attempt to add individual defendants, it is not
    a proper amended complaint and does not explain how each individual, some of whom do not
26  appear to be state actors, was involved in the violation of his rights.  See Barren v. Harrington,
    152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal
27  involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)));
    Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (§ 1983 applies only to
28  persons who are "acting under color of state law").

586 (1980).  Moreover, "absent exigent circumstances, a warrantless entry to search for weapons or contraband is unconstitutional even when a felony has been committed and there is probable cause to believe that incriminating evidence will be found within."  Id. at 587-88.  It therefore appears that plaintiff may have a viable Fourth Amendment claim for the warrantless search of his residence and seizure of his property.[2]  However, as addressed above, plaintiff has not alleged sufficient facts to demonstrate that defendant Shasta County Sheriff's Department is liable for any violation.  No individuals are alleged to have violated plaintiff's Fourth Amendment rights.

iii.  Arrest

Plaintiff alleges that his arrest for possessing a firearm violated his Second Amendment right to bear arms.  However, "the right secured by the Second Amendment is not unlimited," District of Columbia v. Heller, 554 U.S. 570, 626 (2008), and plaintiff has not alleged sufficient facts to show his rights were violated.  Notably, it appears from plaintiff's supplemental filing that he may had a prior felony conviction for stabbing his brother, and prohibitions against felons possessing firearms are "presumptively lawful."  See id. at 626-27 & n.26 ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which are "presumptively lawful").  To the extent plaintiff is challenging the arrest itself, there are no allegations demonstrating that the arrest was carried out without a warrant or probable cause.  See Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.").

iv.  Heck Bar

It appears that plaintiff was convicted of some offense in relation to the arrest, search, and seizure of which he complains.  Plaintiff is advised that his claims may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), if the allegedly illegal search and seizure led to his conviction

---

[2]  The court notes that if plaintiff was on probation at the time, a warrantless search may have been permissible, depending upon the conditions of his probation.  See United States v. Knights, 534 U.S. 112, 118 (2001) ("warrantless search of [probationer's apartment], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment").  There are many other exceptions to the warrant requirement.

1    and the conviction has not been overturned.  See Szajer v. City of Los Angeles, 632 F.3d 607,

2    611-12 (9th Cir. 2011) (holding Heck bars § 1983 Fourth Amendment claim challenging searches

3    and seizures that led to convictions).

4              D.     Leave to Amend

5              The complaint does not state any cognizable claims for relief and plaintiff will be given an

6    opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

7    he must demonstrate how the conditions about which he complains resulted in a deprivation of his

8    constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

9    allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

10   Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

11   unless there is some affirmative link or connection between a defendant's actions and the claimed

12   deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

13   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

14   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

15             Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

16   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

17   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

18   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

19   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

20   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

21   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

22   complaint, the original complaint no longer serves any function in the case.  Therefore, in an

23   amended complaint, as in an original complaint, each claim and the involvement of each

24   defendant must be sufficiently alleged.

25        III.    Motion for Appointment of Counsel

26             Plaintiff has requested the appointment of counsel.  ECF No. 50.  The United States

27   Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

28   litigants in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

1  certain exceptional circumstances, the district court may request the voluntary assistance of

2  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

3  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4      "When determining whether 'exceptional circumstances' exist, a court must consider 'the

5  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

6  *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

7  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

8  of demonstrating exceptional circumstances is on the plaintiff.  Id.

9      Plaintiff asserts that he is unable to afford counsel and will be limited in his ability to

10  litigate due to his institutionalization.  ECF No. 3.  He also asserts that he has limited access to

11  the law library and limited knowledge of the law, and that an attorney would be better able to

12  present evidence at trial.  Id.  Plaintiff's indigency, lack of legal knowledge, and limited access to

13  the law library are circumstances common to those who are incarcerated or civilly committed in

14  the state hospital and do not create exceptional circumstances.  Any request for counsel based on

15  trial is also premature, as it has yet to be determined that this case will proceed to trial.  Finally,

16  because the complaint does not state a claim for relief, the court cannot find, at this stage, that

17  plaintiff has a likelihood of success on the merits.  For these reasons, the motions will be denied.

18      IV.      Plain Language Summary of this Order for a Pro Se Litigant

19      Your request to proceed in forma pauperis is granted.  That means you do not have to pay

20  the entire filing fee now.  You will pay it over time, out of your trust account.

21      Your complaint will not be served because the facts you alleged are not enough to state a

22  claim.  You have not alleged facts showing that the violation of your rights was due to a policy or

23  practice of the Shasta County Sheriff's Department.  To the extent you are attempting to claim

24  that your rights were violated by specific individuals, you have not explained how each person

25  violated your rights.  You also have not included enough facts regarding the circumstances of

26  your arrest to show that it was unconstitutional.  You may amend your complaint to try to fix

27  these problems.  Be sure to provide facts that show exactly what each defendant did to violate

28  your rights or to cause a violation of your rights.

6

1       If you choose to file a first amended complaint, it must include all claims you want to

2 bring.  Once an amended complaint is filed, the court will not look at any information in the

3 original complaint.  **Any claims and information not in the first amended complaint will not**

4 **be considered.**

5       In accordance with the above, IT IS HEREBY ORDERED that:

6       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

7       2.  Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED.

8       3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

9 U.S.C. § 1915(e)(2), and will not be served.

10       4.  Within thirty days from the date of service of this order, plaintiff may file an amended

11 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

13 number assigned this case and must be labeled "First Amended Complaint."  Failure to file an

14 amended complaint in accordance with this order will result in a recommendation that this action

15 be dismissed.

16       5.  The Clerk of the Court is directed to send plaintiff a copy of the complaint form used

17 in this district.

18 DATED: June 12, 2024

19

20 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

7